NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCISCO CASTRO,<br><br>    Plaintiff,<br><br>v.<br><br>MCCARTHY & JENNERICH, ROBERT W. JENNERICH AND JAMES M. MCCARTHY,<br><br>    Defendants. | Civil Action No. 2:11-cv-01832 (CCC) (JAD)<br><br>**REPORT AND RECOMMENDATION** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion by counsel for plaintiff Francisco Castro ("Plaintiff's Counsel") for attorney's fees and costs (the "Motion"). The Motion was referred to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Plaintiff's Counsel's Motion be **granted in part** and **denied in part**.

I.     BACKGROUND.

Plaintiff, having been granted summary judgment with respect to its claims alleging violations of the Fair Debt Collection Practices Act (the "FDCPA") by defendants McCarthy & Jennerich, Robert W. Jennerich and James M. McCarthy (collectively, "Defendants"), is entitled to an award of "reasonable attorney's fees as determined by the court." 15 U.S.C. § 1692k(a). Both sides in this action concede as much. The parties' disagreement, however, lies in the

1

application of the word "reasonable." Plaintiff argued that $9,655.00 is a reasonable amount of attorney's fees. Defendants countered that a reasonable sum is $2,531.50.

A.   Procedural History.

The docket in this matter is relatively straightforward. Plaintiff filed a Complaint on March 30, 2011. Defendants filed their answer on June 1, 2011. On June 22, 2011, Plaintiff moved to strike Defendants' affirmative defenses. Thereafter, after limited discovery, on November 1, 2011, Plaintiff moved for summary judgment. On May 17, 2012, the Court granted Plaintiff's motion for summary judgment and awarded statutory damages in the amount of $200.00. (Order, ECF No. 18).

B.   Settlement Negotiations.

Prior to and during the litigation, the parties arguably engaged in unsuccessful settlement negotiations. On January 27, 2011, Plaintiff sent correspondence to Defendants offering to settle the matter prior to the institution of litigation for $3,500.00, inclusive of interests and costs (the "January 27th Settlement Demand"). (Br. Supp. Motion for Att'ys Fees 9, ECF No. 19-1). According to Defendants, the January 27th Settlement Demand was a "form letter" that lacked any details as to the nature of the alleged violation. (Opp. Br. 23, ECF No. 23). Moreover, the statutory maximum penalty for the type of violations alleged by Plaintiff in the most egregious of circumstances is $1,000.00 – well below the $3,500.00 demanded by Plaintiff. (Id.). In addition, the January 27th Settlement Demand required that an underlying debt owed by Plaintiff to Empire View Condominium Association (the "EVCA") be waived. (Id.). Defendant asserted that it could not settle on such terms because the debt that Plaintiff demanded Defendants waived was owed to EVCA, not Defendants, and, therefore, Defendants did not have the authority to waive the debt. (Id.).

Following the exchange of several emails and letters, Plaintiff made a second settlement demand of $5,250.00 by letter dated June 18, 2011 and an email dated August 11, 2011 (the "June 18th Settlement Demand"). (Br. Supp. Motion Att'ys Fees 9, ECF No. 19-1). Then, On September 15, 2011, Plaintiff sent a third demand letter to Defendants, offering to settle the matter for $9,900.00 (the "September 15th Settlement Demand"). (Id.). Defendants argued that both the June 18th and September 15th Settlement Demands contained additional terms to which Defendants could not agree and that made settlement impossible. (Opp. Br. 25, ECF No. 23). On September 16, 2011, Defendants served an offer of judgment for $2,500.00, inclusive of damages, attorneys' fees and costs. (Br. Supp. Motion Att'ys Fees 9, ECF No. 19-1). Plaintiff rejected Defendants' offer. (Id.).

C.  Motion for Attorney's Fees.

Plaintiff's Counsel filed the instant motion on June 15, 2012, seeking $9,655.00 in attorney's fees, $1,155.00 of which is attributable to the preparation of the instant motion. (Id.). Plaintiff also sought $669.95 in costs, which the Clerk granted by order dated July 30, 2012. (Clerk's Order to Tax Costs, ECF No. 25). Plaintiff's Counsel argued that, as a prevailing party under the FDCPA, specifically pursuant to 15 U.S.C. § 1692k(a), it is entitled to reasonable attorney's fees. (Br. Supp. Motion Att'ys Fees 12, ECF No. 19-1).

Defendants conceded that Plaintiff's Counsel is entitled to reasonable attorney's fees, but argued that the fees sought are unreasonable insomuch as Plaintiff's Counsel's hourly rates exceed the market rates in this District and the hours billed by Plaintiff's Counsel are excessive. (Opp. Br. 5-22, ECF No. 23). In addition, Defendants urged this Court to downwardly adjust Plaintiff's Counsel's lodestar amount, which is a sum of reasonable attorney's fees calculated by multiplying the hours reasonably expended by a reasonable hourly rate. Freid v. Nat'l Action

Fin. Services, Inc., Civ .A. No. 10-2870, 2011 WL 6934845 (D.N.J. Dec. 29, 2011) (citation omitted). Defendants argued that Plaintiff's Counsel's conduct demonstrated that they never intended to settle this matter, but over-billed the file and had thirteen different personnel billing this relatively routine case. (Opp. Br. 22-28, ECF No. 23). Defendants argued that Plaintiff's Counsel should be awarded attorney's fees in the amount of $2,531.00 (exclusive of costs, which were granted by the Clerk). (Id. at 29).

## II. LEGAL STANDARD.

The FDCPA provides that "in a case of any successful action," a prevailing party may recover, "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Absent unusual circumstances, the award of attorney's fees and costs to a prevailing plaintiff in a FDCPA case is required. Cassagne v. Law Offices of Weltman, Weinberg & Reis Co., LPA, Civ. A. 11-2791 FLW, 2011 WL 5878379, *1, *3 (D.N.J. Nov. 23, 2011) (citing Graziano v. Harrison, 950 F.2d 107, 113–14 (3d Cir.1991)). However, the quantum of any fee award must be guided by a "reasonableness" standard that necessarily implicates "the facts and circumstances of the underlying litigation." Id. (quoting Carroll v. Wolpoff & Abramson, 53 F.3d 626, 628–29 (4th Cir.1995)).

A reasonable attorney's fee is one that is "adequate to attract competent counsel, but which does not produce a windfall to attorneys." Public Interest Research Group of N. J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir.1995); see also Apple Corps. Ltd. v. Int'l Collectors Soc., 25 F. Supp. 2d 480, 484 (D.N.J. 1998). To determine the amount of reasonable attorney's fees, the Court is guided by the well-known "lodestar" method. Freid v. Nat'l Action Fin. Services, Inc., 2011 WL 6934845 at 2. This method requires multiplying the hours reasonably expended by a reasonable hourly rate. Id. (citing Blum v. Stenson, 465 U.S. 886, 888 (1984)). The

prevailing party bears the burden of proving, through competent evidence, the reasonableness of the hours worked and rates claimed. Id. (citing Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir.1996)). Any party may oppose a fee application by objecting with "sufficient specificity." Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997). Once opposed, "the party requesting fees must demonstrate to the satisfaction of the court that its fee request is reasonable." Interfaith Cmty. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 703 (3d Cir.2005)).

Although the lodestar is presumed to yield a reasonable fee, Washington v. Phila. County Court of Common Pleas, 89 F.3d at 1035, either party may seek an adjustment of the lodestar amount but bears the burden to show an adjustment is necessary. Mosaid Techs., Inc. v. Samsung Elecs. Corp., 224 F.R.D. 595, 597 (D.N.J. 2004). In deviating from the lodestar, courts may consider numerous factors, including, for example, the time spent and labor required; the novelty and difficulty of the legal issues; the customary fee in the community; whether the fee is fixed or contingent; the nature and length of the professional relationship with the client; and awards in similar cases. See Public Interest Research Group, 51 F.3d at 1185 n. 8 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir.1974)).

The district court ultimately "retains a great deal of discretion in deciding what a reasonable fee award is," Bell v. United Princeton Properties, 884 F.2d 713, 721 (3d Cir. 1989), and "in determining whether the fee request is excessive ... the court will inevitably engage in a fair amount of 'judgment calling' based upon its experience with the case and the general experience as to how much a case requires." Evans v. Port Auth. of NY & NJ, 273 F.3d 346, 362 (3d Cir. 2001).

Prevailing parties may also collect reasonable attorney's fees for the time spent preparing the fee petition. Freid v. Nat'l Action Fin. Services, Inc., 2011 WL 6934845 at *3. (citations omitted).

### III.   ANALYSIS.

Plaintiff's Counsel seeks $9,655.00 in attorney's fees, $1,155.00 of which is attributable to the preparation of the instant motion. Defendants argued that the fees sought by Plaintiff's Counsel are unreasonable insomuch as Plaintiff's Counsel's hourly rates exceed the market rates in this District and the hours billed by Plaintiff's Counsel are excessive. The Court will address each argument in turn.

A. Reasonableness of Hourly Rates.

The reasonableness of hourly rates is calculated according to the prevailing market rates in the relevant community. Freid v. Nat'l Action Fin. Services, Inc., 2011 WL 6934845 at *6 (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)). The party seeking the fees bears the burden "of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case" Weed-Schertzer v. Nudelman, No. 10–6402, 2011 WL 4436553, *1,*3 (D.N.J. Sept. 23, 2011) (citing Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir.1997)). Courts determine reasonable rates by "assessing the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). This Court is also guided by the twelve-factor test outlined in Johnson

6

v. Georgia Highway Express, Inc., 488 F.2d 717, 717 (5th Cir.1974).;[1] see also Levy v. Global Credit and Collection Corp., 2011 WL 5117855 (D.N.J. Oct.27, 2011). The court has broad discretion in determining an appropriate hours rate. Cassagne, 2011 WL 587379 at *5.

This Court finds that Plaintiff's Counsel's billing rates should be adjusted. First, Plaintiff's Counsel cited the 2011 Consumer Law Attorney Fee Survey in an attempt to establish the reasonableness of its hourly rate. However, several courts in this District held that the Consumer Law Attorney Survey, which is a compilation of rates reported by members of the consumer protection bar, is not indicative of the practice relating to FDCPA cases in New Jersey. See Cassagne, 2011 WL 587379 at *5; Freid v. Nat'l Action Fin. Services, Inc., 2011 WL 6934845 at *6; Weed-Schertzer v. Nudelman, 2011 WL 4436553 at *4; Levy v. Global Credit and Collection Corp., CIV. 10-4229 RBK/KMW, 2011 WL 5117855. *1, *3 (D.N.J. Oct. 27, 2011). Also, it is not established that courts in this Circuit have ever relied upon the Consumer Law Attorney Fee Survey in determining reasonable hourly rates. Id.

Second, the "Laffey Matrix," upon which Plaintiff's Counsel further relies to establish the reasonableness of its hourly rate, in part, provides billing rates for attorneys in the Washington D.C. area and, therefore, is not particularly pertinent in this case where the relevant market is in New Jersey. See Cassagne, 2011 WL 587379 at *5; Freid v. Nat'l Action Fin. Services, Inc., 2011 WL 6934845 at *7; Weed-Schertzer v. Nudelman, 2011 WL 4436553 at *4; Levy v. Global Credit and Collection Corp., 2011 WL 5117855 at *3. Indeed, the Third Circuit

---

[1] The twelve factors to be considered are as follows: (1) the time and labor required by the matter; (2) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship; and (12) awards in similar cases. Johnson, 488 F.2d at 717–19.

explicitly articulated reservations regarding the accuracy and reliability of the Laffey Matrix. Levy v. Global Credit and Collection Corp., 2011 WL 5117855 at *3 (citing Interfaith Community Org. v. Honeywell Inter. Inc., 426 F.3d at 710 n. 14 ("[A]ny index that is updated based on a statistical measure of inflation—rather than regular recalibration in light of prevailing rates—will tend to diminish in accuracy over time. For this reason, district courts in this Circuit should be assiduous in evaluating fee requests in light of all the evidence."). The Court therefore also declines to employ the Laffey Matrix to calculate the reasonable fees owed to Plaintiff's Counsel.

Third, the Court finds the affidavits submitted by Plaintiff's Counsel, which purport to establish the reasonableness of Plaintiff's Counsel's proposed rates, unpersuasive. Plaintiff's Counsel submitted three affidavits from "consumer protection attorneys" who Plaintiff's Counsel asserted were "familiar with Plaintiff's claims" and who allegedly reviewed the hourly rates and time entries of Plaintiff's Counsel and determined them to be reasonable. (Br. Supp. Mot. Att'ys Fees Ex. L, ECF No. 19-13). However, none of these affiants are admitted to practice in New Jersey. (Id.). Thus, the Court finds that affidavits fall short of satisfying plaintiff's burden of proving reasonable rates with the submission of affidavits of non-party attorneys *with personal knowledge of the hourly rates customarily charged in the relevant community*." Cassagne, 2011 WL 5878379 at *5 (citing Apple Corps., 25 F. Supp. 2d at 493)).

In contrast, Defendants submitted well-reasoned evidence of the prevailing rate within the District of New Jersey for FDCPA cases. In particular, Defendants persuasively contend that cases within this District uniformly set $325 as the maximum hourly rate reserved for the most experienced attorneys handling FDCPA cases.[2] (Opp. Br. 10, ECF No. 23).

---

[2] Defendants argued: "These cases uniformly set $325 as the *maximum* hourly rate for very experienced and skilled attorneys practicing in New Jersey. See Perez v. Midland Funding LLC, No. 09-6407, 2011 U.S. Dist. LEXIS

In exercising its discretion, the Court finds that a reduction in the hourly rates charged by Plaintiff's Counsel for the work performed by its attorneys, law clerks, paralegals and legal assistants is appropriate.

**1. Hourly Rate of Attorneys.**

Plaintiff's Counsel asserted that the following attorneys performed work on this matter: Marshall Meyers, Alex Weisberg, Craig Ehrlich, Aaron Radbil and Dennis Kurz. (Br. Supp. Motion Att'ys Fees 9, ECF No. 19-1).

With respects to attorneys Meyers, Weisberg, Ehrlich, and Radbil, these attorneys are not admitted to practice in New Jersey and were not counsel of record in this matter. (Opp. Br. 10, ECF No. 23). Although Plaintiff's Counsel argued that the work performed by these out-of-state attorneys was "performed at the direction of [Dennis] Kurz," who was the responsible attorney on the file, it provided no support to justify why Mr. Kurz's resorting to three additional attorneys for routine entries such as the review and dairying of orders was necessary or reasonable. (Br. Supp. Motion Att'ys Fees Ex. H, ECF No. 19-9). The Court shall exclude the time billed by these attorneys from the lodestar calculation.

With respect to attorney Dennis Kurz, Plaintiff's Counsel argued that the reasonable rate to Mr. Kurz is $335.00. However, according to the biography submitted by Plaintiff's Counsel, Mr. Kurz graduated from law school in 2001, and has not devoted the entirety of his practice to

---

126404, at *12 (D.N.J. Aug. 11, 2011); *Cassagne v. Law Offices of Weltman, Weinberg & Reis Co., LPA*,No. 11-2791, 2011 U.S. Dist. LEXIS 135207, at *16-17 (D.N.J. Nov. 23, 2011) (explaining that $325 even for a named partner with 26 years' experience in a prestigious consumer protection firm is likely too expensive in a straightforward FDCPA case); *Weed-Schertzer v. Nudelman*, No. 10-6402, 2011 U.S. Dist. LEXIS 108928, at *18 n.7 (D.N.J. Sept. 23, 2011) (stating that the court would be inclined to adopt a rate of $300 for lead counsel had Defendants suggested such a rate); *Levy v. Global Credit & Collection Corp.*, No. 10-4229, 2011 U.S. Dist. LEXIS 124226, at *25 (D.N.J. Oct. 27, 2011) (determining $310 as a reasonable hourly rate for a named partner with 26 years' experience in FDCPA claims). In these cases, the attorneys whose hourly rate is set at $325 by the courts generally have more than twenty years' experience in New Jersey consumer protection litigation.*SeePerez*,2011 U.S. Dist. LEXIS 126404, at *12; *Cassagne*,2011 U.S. Dist. LEXIS 135207, at *16-17; *Weed-Schertzer*, 2011 U.S. Dist. LEXIS 108928, at *18 n." (Opp. Br. 10, ECF No. 23).

FDCPA claims. (Br. Supp. Mot. Att'ys Fees Ex. J, ECF No. 19-11). The Court finds that a rate of $250.00 is a reasonable rate commensurate with the rates prevailing in the District of New Jersey for attorneys with similar experience. See Cassagne, 2011 WL 587379 at *10; Freid v. Nat'l Action Fin. Services, Inc., 2011 WL 6934845 at *9; Weed-Schertzer v. Nudelman, 2011 WL 4436553 at *7; Levy v. Global Credit and Collection Corp., 2011 WL 5117855 at *8.

### 2. Hourly Rate of Law Clerks.

Plaintiff's Counsel also seeks fees for work performed by law clerk Russ Thompson.[3] Plaintiff's Counsel requested an hourly rate of $175 for Mr. Thompson; Defendants argued that $135.00 is a reasonable rate. Mr. Thompson recently joined Plaintiff's Counsel's practice in 2011. (Mot. Supp. Att'ys Fees Ex. J, ECF No. 19-11). The relevant case law on the issue of a reasonable and appropriate hourly rate for law clerks in FDCPA cases is slightly less voluminous; however, the available case law provides guidance. See Cassagne, 2011 WL 5878379 at *6; see also Rosenau v. Unifund Corporation, 646 F.Supp.2d 743, 750 (E.D. Pa. 2009) (holding that an hourly rate of $145 for a law clerk was reasonable and appropriate); Nelson v. Select Financial Services, Inc., No. 05–3473, 2006 WL 1672889 (E.D. Pa., June 9, 2006) (holding that an hourly rate of $115 for a law clerk was reasonable and appropriate). The Court will apply an hourly rate of $135 to law clerks Russ Thompson.

### 3. Hourly Rate of Paralegals.

Plaintiff's Counsel also seeks fees for work performed by four paralegals, namely Tremain Davis, Jeanette Soto, Cathy Bopp and Kimberly Larson. Plaintiff's Counsel requested

---

[3] Plaintiff identified both a "Russ Thompson" and a "Russ Thompson, Law Clerk" in its application for attorney's fees. The requested billing rate for the former is $175.00 and for the latter is $135.00. However, Plaintiff provides no information for "Russ Thompson," and whether he is an attorney or what his level of experience is. The Court finds that Plaintiff has not met its burden of establishing the reasonable rate for "Russ Thompson." The Court will apply the same rate to "Russ Thompson" as it does to "Russ Thompson, Law Clerk."

an hourly rate of $135.00 for these paralegals; Defendants argued that $70.00 is a reasonable rate.

This District generally recognizes an hourly rate between $90.00 and $125.00. See Cassagne, 2011 WL 587379 at *10 (setting reasonable hourly rate for paralegals at $125.00); Freid v. Nat'l Action Fin. Services, Inc., 2011 WL 6934845 at *6 (setting reasonable hourly rate for paralegals at $95.00); Weed-Schertzer v. Nudelman, 2011 WL 4436553 at *5 (setting reasonable hourly rate for paralegals at $125.00); Levy v. Global Credit and Collection Corp., 2011 WL 5117855 at *8 (setting reasonable hourly rate for paralegals at $110.00). Accordingly, because Plaintiff failed to provide any information regarding the experience and reasonable billing rate for its paralegals in this District, the Court finds that $90.00 per hour is a reasonable rate.

### B. Reasonableness of Hours Billed.

A court must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant or otherwise unnecessary." Cassagne, 2011 WL 587379 at *7 (quoting Interfaith Community Org., 426 F.3d at 710). Plaintiff's Counsel certifies that it has expended a total of 49.1 hours of attorney, paralegal and legal assistant time in connection with this case. (Motion Supp. Att'ys Fees 19, ECF No. 19-1). This Court likewise finds this to be an unreasonable number of hours in light of the amount of work performed and the relative legal simplicity of this case. Defendants objected to approximately 21.8 of the 49.1 hours billed by Plaintiff's Counsel. Defendants argued that certain time entries were not reasonable because they are duplicative and redundant, unnecessary, administrative or intramural in nature, or excessive and billed at inordinate amounts of time. The Court shall address each objection accordingly.

1. **Intramural Communications.**

As Defendants noted, Plaintiff's Counsel billed the services of thirteen attorneys and support staff to this routine file. The Court agrees that much of the intramural updates between the staff members and reviews of other employees' work should be removed from the billed hours. As stated by the court in Levy, "enlisting more associates' work on a case in order to dribble the ball more efficaciously down the field is acceptable only when the end goal the firm shoots for is the vindication of Plaintiff's rights under the FDCPA—not the maximization of its own fee award." Levy v. Global Credit and Collection Corp., 2011 WL 5117855 at *6.

The intramural communication and staff assignment reviews that should be removed from the billing total include the following time: Mr. Meyers - .2; Mr. Kurz – .1; Mr. Davis - .5. These adjustments reflect the sum of the following billed events:

- Billing Entry - June 13, 2011 – (Mr. Davis, .2) Review attorney assignment sheet; [send] to attorney for review and prepare for service.

- Billing Entry - June 13, 2011 – (Mr. Kurz, .1) Prepare paralegal assignment sheet.

- Billing Entry - March 30, 2011 – (Mr. Davis, .3) Reviewed attorney assignment sheet; [send documents] to attorney for review.

- Billing Entry - February 9. 2011 – (Mr. Meyers, .2) Discuss case with Dennis.

2. **Administrative Tasks.**

Defendants argued that Plaintiff's Counsel charged for services that are appropriately characterized as administrative, rather than legal. "As a general rule, time that would not be billed to a client cannot be imposed on an adversary.... Thus, administrative tasks, which are not the type normally billed to a paying client, may not be recovered by a party through a fee petition." Cassagne, 2011 WL 587379 at *8 (citations omitted); Levy v. Global Credit and

Collection Corp., 2011 WL 5117855 at *6. Non-billable time includes sending mail, data entry, updating files, and other similar non-legal tasks. Bilazzo v. Portfolio Recovery Associates, LLC, 876 F. Supp. 2d 452 (D.N.J. 2012).

Here, the Court finds that the hours identified by Defendants in Section IV.B of their opposition brief are administrative and should be not be included in the calculation of Plaintiff's Counsel's attorney's fees award. (Opp. Br. 13-16, ECF No. 23). This time will be subtracted from the time submitted by Plaintiff.

### 3. Duplicative/Redundant Entries.

Duplicative time entries should be eliminated from the court's lodestar calculation. See Cassagne, 2011 WL 587379 at *7 (citations omitted); Levy v. Global Credit and Collection Corp., 2011 WL 5117855 at *6. Defendants identified five entries (or sets of entries) that they contend are duplicative and, therefore, ineligible for compensation.

First, Defendants refer to five billing entries made between December 2, 2011, and December 5, 2011. Plaintiff's counsel billed the time of four employees over five separate entries for updating the client as to the status of the case with no other activity on the case in that time period. The agrees that these entries are duplicative and therefore reduces the hours to 0.1.

Second, between October 4, 2011 and September 29, 2011, Mr. Kurz billed .5 hours in obtaining settlement authority from Plaintiff. This time includes placing a phone call, sending an email, later speaking on the phone, confirming via email, and noting authority in the client's file. The Court disagrees that these communications with the client and correspondence time entries are duplicative and, therefore, declines to reduce the 0.5 hours that were billed to this task.

Third, on September 10, 2011, and again on September 15, 2011, Mr. Kurz recorded billing events for "providing demand to OC." The Court notes that a demand was indeed made

to Defendants on September 15, 2011, but not on September 10, 2011. Therefore, the Court will reduce the hours billed to this entry to 0.1.

Fourth, between June 16, 2011, and June 24, 2011, Mr. Kurz and Mr. Meyers logged five billing entries in discussing authority with the client. Again, the Court disagrees that these communications are necessarily duplicative and declines to reduce the 0.7 hours that were billed to this task.

Fifth, on June 6, 2011 and June 7, 2011, Mr. Davis and Mr. Kurz each "diaried events per letter order setting scheduling conference." The Court finds that this task is not only duplicative, but administrative in nature. Therefore, this 0.5 billing event is stricken in its entirety.

**4. Excessive Entries.**

Courts may also strike billing entries that are excessive. See Cassagne, 2011 WL 587379 at *9; Levy v. Global Credit and Collection Corp., 2011 WL 5117855 at *7. Defendants argued that Plaintiff's Counsel's fee request is excessive in light of the work needed to resolve the case. While this Court agrees that there may have been more attorneys and legal staff working on this case than necessary, it will not, without more, arbitrarily exclude hours from the lodestar calculation simply because they seem excessive. Levy, 2011 WL 5117855, at *12; see also Weed–Schertzer, 2011 WL 4436553, at *16. However, the Court will address one specific entry challenged by Defendant.

Specifically, Defendant argued that between October 26, 2011 and November 1, 2011, two attorneys and a law clerk billed a combined 13.1 hours to preparing the motion for summary judgment. The Court agrees that 13.1 hours is excessive given the routine nature of the FDCPA claims involved, and the experience of Plaintiff's Counsel in this area of law. The Court will reduce the amount of hours billed to this take to 7 hours.

5. **Unnecessary Entries.**

Courts may likewise strike billing entries that are unnecessary. See Cassagne, 2011 WL 587379 at *8. Defendant objected to seven of Plaintiff's Counsel's billing entries as excessive. The Court agrees that two entries are unnecessary and should be discounted.

First, On October 3, 2011, Mr. Kurz billed 2.0 hours to tasks connected to a deposition that did not occur. The Court finds that this time, which could not be billed to the client, cannot be billed to an adversary. This two hour entry shall be discounted. Second, on August 30, 2011, Mr. Kurz spent one hour preparing for a scheduling conference. The Court finds that an hour of preparation is unreasonable, and therefore reduces the billing entry to 0.3 hours.

IV.  **Lodestar Calculation.**

Based on the above analysis, the Court finds the following hourly rates and number of hours are reasonable:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Dennis Kurz, Esq. | 8.8 | $250.00 | $2,200.00 |
| Russ Thompson, Law Clerk | 24.2 | $135.00 | $3,267.00 |
| Tremain Davis, Paralegal | 3.6 | $90.00 | $324.00 |
| Cathy Bopp, Paralegal | 0.3 | $90.00 | $27.00 |
| Kimberly Larson, Paralegal | 1.3 | $90.00 | $117.00 |
| TOTAL | | | $5,935.00 |

### V. **CONCLUSION.**

It is the recommendation of this Court that Defendants' motion for attorney's fees and costs be **granted in part and denied in part** as outlined above. It is recommended that Plaintiff's counsel be awarded $5,935.00 in attorney's fees.

SO ORDERED

_____
Joseph A. Dickson, U.S.M.J.

cc.     Honorable Claire C. Cecchi, U.S.D.J.